UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| RICKYE PACK, | ) |
| | ) |
|     *Petitioner,* | ) |
| | ) |
| v. | )   Nos.   4:06-CR-8-CLC-WBC-6 |
| | )             4:16-CV-82-CLC |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     *Respondent.* | ) |

**MEMORANDUM & ORDER**

On July 11, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 506, 508]. The petition challenges the propriety of his career offender designation under Section 4B1.1 of the United States Sentencing Guidelines in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [*Id.*]. The request implicitly relies on *Pawlak v. United States*—in which the Sixth Circuit cited *Johnson*'s invalidation of the Armed Career Criminal Act's ("ACCA") residual clause as the basis for invalidating Section 4B1.2(a)(2)'s parallel provision, 822 F.3d 902, 911 (6th Cir. 2016) [*Id.* (suggesting his Tennessee aggravated assault conviction is no longer a crime of violence)].

On August 12, 2016, the United States responded with the suggestion that Petitioner's entitlement to collateral relief depends on whether or not *Johnson*'s impact on the Guidelines has been made retroactively applicable to cases raised in the context of collateral review [Doc. 512 at 2]. Noting that the Supreme Court has agreed to address this very issue next term in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), the United States requests that the Court stay its resolution of the instant petition pending that decision [*Id.* at 2–3].

In a recent published opinion, the Sixth Circuit recognized that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016). While district courts are generally responsible for deciding, in the first instance, whether "*Pawlak* is a new rule or not," *Id.* at *4, multiple Sixth Circuit opinions have endorsed holding petitions similar to the instant one "in abeyance pending the Supreme Court's decision in *Beckles*," *Id.* at *4; *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *4 (6th Cir. Aug. 12, 2016). The justification for doing so is that, "[a]fter . . . [*Beckles*], the district courts will be well positioned to handle [*Johnson*-based challenges to the Guidelines] fairly and efficiently." *In re Embry*, 2016 WL 4056056, at *4. The propriety of such a stay is further reinforced by the fact that at least two panels from the Sixth Circuit have adopted contrasting predictions for what the *Beckles* decision will hold. *Compare Id.* at *4 ("If pressed to decide the question now, we would lean in favor of saying that *Pawlak* . . . . rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review."), *with In re Patrick*, 2016 WL 4254929, at *3 ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive [in the ACCA context] applies equally to the Guidelines.").

For the reasons discussed, the Court agrees that issuance of a stay is appropriate under the circumstances. Accordingly, the United States' request [Doc. 512] is **GRANTED** and the action [E.D. Tenn. Case No. 4:16-CV-82-CLC] is **STAYED** pending the Supreme Court's decision in *Beckles*. The parties are **DIRECTED** to file a joint status report within **thirty (30) days** of that decision.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**